Matter of Biro v Adams (2025 NY Slip Op 00626)

Matter of Biro v Adams

2025 NY Slip Op 00626

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 100937/22 Appeal No. 3623 Case No. 2023-04059 

[*1]In the Matter of Andrea Biro, et al., Petitioners-Appellants,
v
Eric Leroy Adams, et al., Respondents-Respondents.

Andrea Biro, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York (Amanda Abata of counsel), for, Eric Adams, respondent.
Alvin L. Bragg, Jr., District Attorney, New York (Victor Olds of counsel), for Alvin Bragg, respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered July 13, 2023, which denied the petition and granted respondent Adams' motions to deny and dismiss the pro se petition, unanimously affirmed, without costs.
Petitioners pro se sought an order convening a summary judicial inquiry under New York City Charter § 1109 regarding, among other things, enforcement of the pandemic-era "Key to NYC" program requiring COVID-19 vaccination for indoor settings such as entertainment and dining. According to the allegations in the petition, respondent Eric Adams violated his duties and his oath of office as mayor by enforcing the program, and respondent Alvin Bragg violated his duties as District Attorney by failing to act after being alerted to a crime committed by the Mayor. However, petitioners' supporting affidavits lack any statement indicating their individual or collective status as taxpayers (see New York City Charter § 1109; Matter of James v FariÑa, 171 AD3d 44, 49 n3 [1st Dept 2019]) Nor does the petition allege that any of the petitioners were harmed by the violations and neglect of duty alleged in the petition. These procedural and jurisdictional defects warrant dismissal of the petition.
In any event, even putting these defects aside and deeming the petition properly filed, Supreme Court articulated valid reasons for declining to grant the petition. We decline to review that decision, as there was no clear abuse of discretion (Matter of Riches v New York City Council, 75 AD3d 33, 39 [1st Dept 2010], lv dismissed 15 NY3d 735 [2010]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025